N. J. Dept. Labor—Callahan v. Burns Bros.

NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

JAMES CALLAHAN, PETITIONER, v. BURNS BROTHERS, RESPONDENT.

Slight Injury on Jaw—Not Sufficient to Interfere With Work— Some Weeks Later Employe Developed Cancer of Tongue— *Evidence Not Sufficient to Indicate That Cancer was the Result of the Injury*—A Compromise Effected and Paid by Respondent as a Gratuity.

On determination and rule for judgment.

For the petitioner, *Meehan & Meehan.*

For the respondent, *Kent & Kent.*

\*       \*       \*       \*       \*       \*       \*

Upon the pleadings, the stipulations of the attorneys for the respective parties in open court and the testimony taken, I find as follows:

The petitioner claims that while in the employ of Burns Bros., as driver of a coal truck in Jersey City, a coal chute hit him on the left side of the jaw. The injury was very slight and did not even necessitate his stopping work. Within a month thereafter he required and received cauterizing treatment for a cancer of the tongue. Petitioner claims that the cancer resulted from the alleged accident of March 10th, 1926, and that he is totally disabled as the result thereof. The employer claims that the petitioner at no time reported

an accident that happened in the month of March, but does admit that on January 22d, 1926, Callahan reported that he was struck on the jaw while working.

The respondent further claims that assuming that the alleged accident happened at the time and in the manner claimed by the petitioner, that the cancer could not and did not result from the said alleged accident.

Dr. Joseph Londrigan, who examined petitioner on behalf of the workmen's compensation bureau, stated that in his opinion cancer bore no relation whatever to the alleged accident. Dr. William J. Arlitz, of Hoboken, who appeared on behalf of the petitioner, and who had examined the petitioner, on being questioned by the court, stated that the petitioner was suffering from cancer of the tongue and that in his opinion, based on the claim of the petitioner that he had received a blow to the jaw on March 10th, 1926, and that he had received cauterizing treatment about a month thereafter for a fully developed cancer, that in his (Dr. Arlitz's) opinion, the cancer could not have developed as the result of the alleged accident, for the reason that too short a period of time had elapsed between the happening of the alleged accident and the full development of a cancerous growth.

The attorneys for the respondent then proposed, in view of the fact that the petitioner was an old employe of the respondent, and further, in view of the fact there was the greatest doubt that the disease described herein resulted from the alleged or any alleged accident that was compensable under the Workmen's Compensation act, that the respondent pay to the petitioner the sum of $1,100, by way of gratuity and in full payment and settlement of any and all claims arising by reason of any alleged accident. The said proposal was thereupon submitted to the petitioner and his attorneys, who agreed to accept the same. The said offer was further submitted to Commissioner Andrew F. McBride, who confirmed the same and agreed that said amount be paid in a lump sum.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

CHARLES E. CORBIN,
*Deputy Commissioner.*